**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Thompson,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | CV 18-02710-PHX-RCC (LAB)<br><br>**REPORT AND RECOMMENDATION** |

    Pending before the court is a petition for writ of habeas corpus filed on August 27, 2018, by Charles Thompson, an inmate currently held in the Arizona State Prison Complex in Florence, Arizona. (Doc. 1)

    Pursuant to the Rules of Practice of this court, the matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

    The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.

Summary of the Case

    Thompson was convicted after a plea of guilty to one count of molestation of a child and two counts of attempted molestation of a child. (Doc. 11-2, p. 116) On February 18, 2014, the trial court sentenced Thompson pursuant to a plea agreement to a 15-year term of imprisonment and lifetime probation. (Doc. 11-1, p. 46); (Doc. 11-2, p. 116)

1 Thompson filed notice of post-conviction relief (PCR) on March 26, 2014. (Doc. 11-1, p. 61) Appointed counsel was unable to find any colorable claims, so the PCR court allowed Thompson to file a petition pro per. (Doc. 11-1, pp. 65-66) Thompson filed his petition on January 20, 2015. (Doc. 11-1, p. 68) The PCR court dismissed the petition summarily on June 19, 2015. (Doc. 11-2, p. 77)

Thompson filed a petition for review on July 20, 2015. (Doc. 11-2, p. 79) He argued his sentence was illegal pursuant to A.R.S. § 13-603 and correction of the sentence would violate Double Jeopardy. (Doc. 11-2, pp. 85-90) On June 8, 2017, the Arizona Court of Appeals granted review but denied relief. (Doc. 11-2, pp. 120-122) Thompson was granted an extension of the deadline for filing a petition for review with the Arizona Supreme Court. (Doc. 11-2, p. 124) But he failed to file a petition by the new deadline, August 9, 2017. (Doc. 11-2, p. 124) The Arizona Supreme Court dismissed the proceeding on August 29, 2017. *Id*.

On August 23, 2018, Thompson constructively[1] filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1, p. 8) He claims his sentence of "flat time" is illegal and A.R.S. § 13-603(k) is unconstitutionally vague and applying it to his sentence on count 2 violates the Double Jeopardy Clause (Doc. 1, p. 6)

On January 11, 2019, the respondents filed an answer arguing, among other things, that the petition is time-barred. (Doc. 11) They are correct. The court does not reach the respondents' alternate arguments.

Thompson did not file a timely reply.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The petition, however, must be filed within the applicable limitation period or it will be dismissed. The statute reads in pertinent part as follows:

---

[1] On this date, Thompson placed his petition in the prison mailing system. (Doc. 1, p. 8)

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The "one-year statute of limitations . . . applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012).

The limitation period for Thompson's petition was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It does not appear to the court that any of the other possible "triggers" apply here. And Thompson does not dispute the respondents' assertion that § 2244(d)(1)(A) applies. *See* (Doc. 11, p. 9)

Thompson was convicted pursuant to a plea of guilty. (Doc. 11-2, p. 116) Accordingly, he waived his right to a conventional direct appeal, but he had a right to pursue an "of-right" post-conviction relief (PCR) proceeding, which he did. *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). The PCR proceeding commenced when Thompson filed his notice on March 26, 2014. (Doc. 11-1, p. 61) The proceeding ended on August 9, 2017, when Thompson failed to file a petition for review with the Arizona Supreme Court by the court-extended deadline. (Doc. 11-2, p. 124); *see Gullick v. Bock*, 2010 WL 457483, at *8, *18 n. 5 (D. Ariz. 2010), *aff'd*, 423 F. App'x 762 (9th Cir. 2011) (The judgment becomes final when

the petitioner fails to file his petition for review by the extended deadline, not when the court dismisses the proceeding) *see also Randle v. Crawford*, 604 F.3d 1047, 1054 (9th Cir. 2010) (Judgment became final when the deadline for filing a notice of appeal expired, not when the untimely notice of appeal was dismissed.). His judgment became final on that day. *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) ("AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, *or until the expiration of the time for seeking such proceeding or review*.") (emphasis added). The one-year limitation period began running the next day and expired one year later on August 9, 2018. *See Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). The pending petition was constructively filed on August 23, 2018. (Doc. 1, p. 8) It is time-barred.

Thompson does not argue that he is entitled to statutory or equitable tolling. (Doc. 1, p. 8)

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Dismissing the petition for writ of habeas corpus. (Doc. 1) It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 2nd day of April, 2019.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge

- 4 -